**Ralph MATHESON et al.**

v.

**ZONING BOARD OF APPEALS OF the CITY OF SACO et al.**

Supreme Judicial Court of Maine.

June 1, 1978.

Smith, Elliott, Wood & Nelson, P. A. by Stephen R. Lamson (orally), Saco, for plaintiffs.

Caron, Ayotte & Caron by Ronald E. Ayotte, Sr. (orally), Saco, for defendants.

Before McKUSICK, C. J., and POMER-
OY, WERNICK, ARCHIBALD, GODFREY
and NICHOLS, JJ.

WERNICK, Justice.

On January 28, 1976, defendant Zoning
Board of Appeals of the City of Saco denied
an application filed by plaintiff Ralph
Matheson, on behalf of the Lawrence O.
Drown Agency, to be allowed to erect on
property at 445 Main Street in Saco a "busi-
ness" sign four by eight feet in size, as
allegedly authorized under Section 608–4 of
the Saco Zoning Ordinance. Thereafter, the
defendant Building Inspector learned that
plaintiff had erected on said premises a sign
greater in size than the "one square foot in
surface" limitation prescribed by Section
608–1 of the Zoning Ordinance.[1] On Febru-
ary 2, 1976 the Building Inspector ordered
removal of the sign.

On February 9, 1976, pursuant to Rule
80B M.R.Civ.P., plaintiff sought judicial re-
view of the action of the Zoning Board and
the Building Inspector by filing a complaint
against them in the Superior Court (York
County). Plaintiff alleged that Section
608–4 of the Zoning Ordinance authorized
plaintiff to maintain the sign erected on the
Main Street property. The presiding Jus-
tice, ruling on a motion by defendants seek-
ing summary judgment in their favor, con-
cluded that plaintiff is not entitled to a sign
of the size allowed by Section 608–4 of the
Saco Zoning Ordinance. He therefore
granted the motion for summary judgment
and ordered judgment entered for defend-
ants.

We deny plaintiff's appeal from this
judgment, as entered.

In 1975, plaintiffs filed an application
with the Building Inspector for the City of
Saco for permission to convert an existing
building to "professional offices." Because
the building was located in an R–4 High
Density [Residential] District, under Section
509 of the Zoning Ordinance, the proposed
use for "professional offices" could be al-
lowed only as an "exception permitted by
appeal." Accordingly, the Building Inspec-
tor denied the application since he lacked
authority to grant an application as to a use
allowable only as an "exception permitted
by appeal." Plaintiff then sought an "ex-
ception" by filing an application with the
Zoning Board of Appeals for the "convert-
ing [of] an existing building to professional
offices—realty [and] attorney." The Board
granted the application, adding the specifi-
cation that Section 608 of the Zoning Ordi-
nance would control the size of the pro-
posed sign in front of the building. It was
thus left ambiguous whether sub-provision

---

1. As here relevant, the Saco Zoning Ordinance
 provided:

 "Section 608. Signs: No sign, billboard or
 exterior graphic display shall be permitted in
 any district except as herein provided.

 "608–1 In any district a sign not exceed-
 ing one square foot in surface size is permit-
 ted which announces the name, address, or
 professional activity of the occupant of the
 premises on which said sign is located.

 "608–2 A bulletin board not exceeding
 twenty-four (24) square feet is permitted in
 connection with any church, school or simi-
 lar public structure.

 "608–3 A temporary real estate or con-
 struction sign, not exceeding twenty-four
 (24) square feet is permitted on the property
 being sold, leased or developed. Such sign
 shall be removed promptly when it has ful-
 filled its function.

 "608–4 Business signs shall be permitted
 in connection with any legal business or in-
 dustry when located on the same premises,
 and if they meet the following requirements:

 "(a) Signs shall not contain information or
 advertising for any product not sold on the
 premises.
 "(b) Signs shall not have a combined aggre-
 gate surface greater than five (5) square feet
 for each foot of width of the principal struc-
 ture on the premises.
 "(c) Signs on the verticle, that is projecting
 from a building, may project over a sidewalk
 as long as:
 "1. It is no larger than 50% of the sign size
 permitted in (b) above.
 "2. It does not project more than 10 feet out
 from the building line.
 "3. It is at least 3 feet back from the verticle
 line from the curb line.
 "4. The bottom height is at least 10 feet
 above sidewalk level.
 "(d) Signs and structures shall not be illumi-
 nated in any manner which causes undue
 distraction, confusion or hazard to vehicular
 traffic."

1 or sub-provision 4 of Section 608 would govern.

As the case is before us, the parties agree that the sign erected by plaintiff is lawful if sub-provision 4 of section 608 governs but is unlawful if sub-provision 1 controls.

 We decide that Section 608–1, rather than 608–4, is controlling and therefore the sign erected by plaintiff violates the Ordinance.

Section 608–1 permits on premises in *any* district a one square foot sign announcing the name, address or *professional activity* of the occupant of the premises. By contrast, Section 608–4, which authorizes "business" signs of larger size, is significantly more restrictive in that it does not purport to permit the larger "business" signs in *any* district or in conjunction with *any* use in the city but confines "business" signs to those uses which are "in connection with *any legal business or industry*" (emphasis supplied) located on the premises. We therefore interpret Section 608–1 as being special in purpose to the extent that it authorizes a one square foot sign to "announce" the "professional activity" of the occupant of premises located in any district, including the high density (residential) district of Saco. To give appropriate meaning to the special purpose of Section 608–1, as well as to be faithful to the overall districting scheme of the Ordinance, we conclude that the concept of "legal business or industry" as utilized in Section 608–4 does not encompass "professional activity" as specially dealt with in Section 608–1—at least where the "professional activity" is being conducted, as here, in a district which is *neither business nor industrial.*

The Superior Court was correct in deciding that plaintiffs are not entitled to maintain the four by eight feet "business" sign authorized by Section 608–4 on their "professional offices" property in the R–4 High Density [Residential] District in Saco.

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.